**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3178

_____

UNITED STATES OF AMERICA

v.

EDGUARDO SANTIAGO,
a/k/a Egge

EDGUARDO SANTIAGO,
                                Appellant

_____

On Appeal from the Eastern District of Pennsylvania
(D.C. No. 5-12-cr-00025-001)
District Judge:  Honorable James Knoll Gardner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2015

Before: FUENTES, GREENAWAY, JR., and SLOVITER, _Circuit Judges_.

(Opinion Filed:  October 1, 2015)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Edguardo Santiago challenges the reasonableness of his within-guidelines range sentence. For the following reasons, we will affirm.

**I.**

On March 26, 2011, police officers responded to a shooting reported at Santiago's residence. After finding a gun in the residence, the officers obtained a search warrant and returned to the residence. The officers' search yielded 210 grams of crack, 8.6 grams of cocaine, 13.4 grams of marijuana, 20 Xanax pills, two digital scales, baggies, and $23,150 cash in Santiago's possession. Santiago pleaded guilty to an indictment charging him with various drug offenses, including distributing and possession with the intent to distribute within 1,000 feet of a public school.

The Probation Office determined that the quantity of drugs equated to a base level of 30, which was then modified due to a two-level enhancement because the offense occurred in a protected location, a two-level enhancement for gun possession, and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 31. In addition, the Probation Office noted that Santiago had two juvenile adjudications—one for disorderly conduct, which did not result in any criminal history points, and one for possession of drug paraphernalia and driving while privileges were suspended, resulting in two criminal history points. Santiago also received one criminal history point for an arrest, while on bail, for the possession of marijuana.

Based on this information, the District Court determined that Santiago's guidelines range was 97-121 months. At the sentencing hearing, Santiago challenged the gun enhancement[1] and sought a departure under USSG § 4A1.3 on the ground that his placement in the Criminal History Category II overstated the seriousness of his criminal record.[2] Moreover, he asked the District Court to "consider [his] entire prior background including his long[-]standing addiction to drugs, school history, work history, family history, and his difficult childhood in Puerto Rico where his family lived in poverty."[3] Because his criminal activity stemmed from his drug addiction, and there was no evidence of violence or that anyone was harmed by his activity, Santiago asked the District Court to impose a sentence below the guidelines range.[4] The Government argued for a within-guidelines range sentence, acknowledging that while Santiago had a substance abuse problem, his offense included significant quantities of drugs, $23,000 in cash, and multiple undercover purchases over an extended period of time, demonstrating that Santiago was involved in large-scale drug trafficking.[5]

---

[1] The District Court sustained this objection and thus reduced his offense level to 29, resulting in the guidelines range of 97-121 months.

[2] Santiago acknowledged that his criminal history category was correctly calculated, but argued that assigning two criminal history points for juvenile adjudication regarding possession of drug paraphernalia overstated the severity of this offense.

[3] App. 42.

[4] At the sentencing hearing, the District Court responded that this was not an objection but rather an argument in support of a variance from the applicable range, to which counsel agreed. App. 90. The District Court, however, addressed the argument as both a variance and a request for a downward departure.

[5] The Government also observed that Santiago had no verifiable income (but still owned a car) and admitted that he gambled regularly with significant sums of money; that Santiago was arrested in March 2011 by local authorities and was released on bail—and

3

Ultimately, the District Court sentenced Santiago to 108-months imprisonment. In doing so, the District Court addressed Santiago's argument regarding his criminal history category. The District Court explained that downward departures are reserved for the "rare" case "where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism."[6] In contrast, Santiago "earned the three criminal history points" and, thus, the District Court found it "difficult to see . . . how his criminal history category could be deemed to misrepresent or exaggerate his criminal history, much less to place him outside the heartland."[7] This appeal followed.

## II.

On appeal, Santiago argues that: (1) the District Court failed to meaningfully consider the nature of his criminal history as a ground for a downward departure; and (2) the District Court erred in imposing a substantively unreasonable sentence.[8]

We review the reasonableness of Santiago's sentence for abuse of discretion.[9] Our procedural review ensures that courts consider, among other things, all of the sentencing

---

went right back to his drug trafficking activity selling crack to an informant in April 2011.

[6] App. 126.

[7] App. 127. The District Court also observed that even if it were to agree with Santiago that the two criminal history points overstate his criminal history category, it would have only reduced it by one point, still placing Santiago in a criminal history category II.

[8] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[9] *United States v. Woronowicz*, 744 F.3d 848, 851-52 (3d Cir. 2014) (citing *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009)). In *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014) (en banc), we held that when a party wishes to appeal based on a

4

factors set forth in 18 U.S.C. § 3553(a).[10] We then review the substantive reasonableness of the sentence imposed.[11] Our substantive review examines "whether the record as a whole reflects rational and meaningful consideration" of those same § 3553(a) factors.[12] For a sentencing court to give meaningful consideration to the § 3553(a) sentencing factors, "[it] must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis."[13] Moreover, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority . . . . Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."[14] Assuming a defendant does, in fact, make a colorable argument under § 3553(a) in support of a downward variance, it is sufficient for a district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as a whole.[15]

---

procedural error at sentencing, that party must object to the procedural error in order to avoid plain error review on appeal. We also held that our prior ruling in *United States v. Sevilla*, 541 F.3d 226 (3d Cir. 2008), would remain applicable to cases imposed before *Flores* was announced.

[10] *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).
[11] *Tomko*, 562 F.3d at 567.
[12] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).
[13] *United States v. Ausburn*, 502 F.3d 313, 328-29 (3d Cir. 2007).
[14] *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted).
[15] 18 U.S.C. § 3553(a)(1); *see Rita*, 551 U.S. at 356.

Here, the District Court's consideration of Santiago's history and characteristics was sufficient to meet the standard articulated in *Rita v. United States* for both meaningful consideration and substantive reasonableness. We therefore affirm.