**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3795

———————

UNITED STATES OF AMERICA

v.

FREDDIE DODARD
a/k/a Wanub

Freddie Dodard,
                                  Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-14-cr-00464-001)
District Judge:  Hon. Susan D. Wigenton

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 8, 2016

Before:  JORDAN, VANASKIE, and KRAUSE, *Circuit Judges*.

(Opinion Filed:  October 19, 2016)

———————

OPINION[*]

———————

———————————

 [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Freddie Dodard appeals the sentence imposed on him by the United States District Court for the District of New Jersey for possession and distribution of cocaine base in violation of 21 U.S.C. § 841. For the reasons that follow, we will affirm.

## I. Background

In two separate instances, in December 2012 and February 2013, Dodard sold a combined total of 61.3 grams of crack cocaine to a cooperating witness. A grand jury issued a two-count indictment against Dodard for (1) possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); and (2) possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On November 18, 2014, Dodard entered into an agreement with the government whereby he pleaded guilty to Count Two of the indictment.

In anticipation of sentencing, the United States Probation Office prepared a presentence report. That report recommended that Dodard, by virtue of his prior convictions, qualified as a career offender under U.S.S.G. § 4B1.1, resulting in his being within criminal history category VI. That status, taken together with the offense conduct and a deduction for acceptance of responsibility, yielded an advisory guidelines range of 151 to 188 months. Dodard did not and does not challenge the guidelines calculation.

Prior to the sentencing hearing, both Dodard and the government submitted sentencing memoranda to the District Court. At that hearing, Dodard sought leniency from the Court on several grounds, placing significant emphasis on his history of mental

2

health issues. He also questioned the seriousness of the offenses on his record, as well as the current offense, nearly all of which consist of non-violent drug offenses. He then read from an article by a former judge discussing the disproportionate and often discriminatory nature of drug sentences. Finally, Dodard took on the career offender guidelines more directly, first by suggesting that he was "really on the very border" of qualifying[1] (App. at 53), but also by directing the Court to a report by the United States Sentencing Commission that called into question the efficacy of the career offender provision in protecting the public, at least with respect to drug traffickers. Dodard also spoke on his own behalf, expressing contrition and explaining the personal circumstances that led him to commit the crime.

The government, for its part, endorsed a within-guidelines sentence. It disputed the notion that Dodard's mental illness should factor into the sentencing and asserted that his bipolar disorder was well-managed when he took his medication and only adversely affected him when he opted not to. It also reiterated Dodard's long criminal record and frequent recidivism, principally for drug distribution, noting that the offense conduct underlying the instant sentencing occurred while he was still on supervised release following a 75 month incarceration.

The Court, in explaining the sentence, addressed all of the issues raised by Dodard and the government, and noted several times that its decision was made after considering the sentencing memoranda, the arguments made during the hearing, and the statement of

---

[1] Dodard did concede that "technically he is a career offender." (App. at 53.)

Dodard himself. It acknowledged the advisory nature of the guidelines and walked through the various factors it was required to consider pursuant to 28 U.S.C. § 3553(a). The Court concluded that the notion that Dodard was not in control of his decision to deal drugs was not credible in light of his other actions. Finally, it expounded on its concerns about Dodard's history and his recidivism, the need to protect the community from his behavior, the deterrent function of the sentence, and the need for rehabilitation.

Ultimately, after reiterating that the calculated offense level and criminal history were correct, the Court sentenced Dodard to 151 months' imprisonment, the bottom of his guidelines range, followed by a three-year term of supervised release. Immediately following the imposition of sentence, Dodard objected for the record that the Court did not address the disproportionate effect of the career offender guidelines for non-violent offenders. The Court disagreed, saying that the career offender enhancement was appropriately applied to Dodard for the reasons discussed earlier. This timely appeal followed.

## II. Discussion[2]

Dodard argues that the District Court committed procedural error by not sufficiently considering his arguments when crafting its sentence, and that, as a consequence, the sentence imposed was substantively unreasonable. We review the "sentence's procedural and substantive reasonableness under an abuse of discretion standard." *United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014).

---

[2] The District Court had subject matter jurisdiction over the underlying criminal offense under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a).

## A. Procedural Error

We first examine the Court's decision for procedural error "such as failing to calculate (or improperly calculating) the guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence … ." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (internal quotation marks omitted).  Most relevant to this appeal, "the record must show a true, considered exercise of discretion on the part of the district court, including a recognition of, and response to, the parties' non-frivolous arguments." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

Dodard's procedural argument, at its core, is that the Court did not fully consider his policy-based argument regarding the flaws in the career offender guidelines. Specifically, Dodard contends now, as he did before the District Court, that the Court did not take into account two arguments.  The first, based on a 2004 Sentencing Commission report, is that the guidelines are not serving the protective purpose of sentencing in the context of drug trafficking.  The second, quoting an article written by a former judge, decries the guidelines' drug sentences as "disproportionate, unfair[,] and discriminatory," and asserts that they are irrational from a social policy perspective.  (App. at 52.)[3] Dodard says that the District Court's treatment of these arguments was insufficient, and

---

[3] Dodard's brief before us goes on to provide other research-based critiques of the career offender guidelines.  That information was not before the District Court, and thus we do not consider it here.

that it gave only a "conclusory" response that he was "'appropriately' deemed a career offender." (Opening Br. at 19.) We disagree.

Dodard's contemporaneous objection alerted the Court to his assertion that it had not considered his policy arguments. The Court's response – that Dodard was "appropriately classified" and that the Court had "chosen not to [vary] for the reasons [it] already indicated on the record" – was indeed a reasoned answer to the policy arguments. (App. at 79.) That fact is further reflected in the transcript of the sentencing hearing, which evidences that the District Court took Dodard's request for leniency quite seriously. Dodard's counsel actually thanked the Court for its patience in entertaining his various arguments for a downward variance. The Court reflected on Dodard's other arguments, in fact mentioning several times its review of the materials submitted before the hearing and even expressing appreciation to Dodard and his counsel for the "detailed and thorough" nature of those materials. (App. at 39.) It also discussed at length Dodard's recidivism and the danger his behavior presented to the community, as well as the other § 3553(a) factors. Despite the fact that the Court did not call out Dodard's policy arguments explicitly, we are confident in light of the record that the Court seriously considered them. The Court acknowledged its freedom to stray from the guidelines, and opted not to do so. Consequently, the District Court committed no procedural error.

### B. Substantive Reasonableness

Dodard also challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence with great deference to the District Court's

6

decision, and will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "[S]entences within the Guidelines range are more likely to be reasonable than those that fall outside this range." *Woronowicz*, 744 F.3d at 852 (internal quotation marks omitted).

Dodard's contentions on this point are largely predicated on his argument that there was procedural error in his sentencing. Having found none, we ascribe little weight to these arguments. No more impressive is his argument that the application of a within-guidelines career offender sentence is unfair in his circumstances. He supports that claim by again highlighting his policy disagreement with the application of the career offender enhancement to nonviolent drug offenders. But his policy arguments, regardless of any merit they may have, do not necessitate that the District Court reach a certain result. *See United States v. Lopez–Reyes*, 589 F.3d 667, 671 (3d Cir.2009) ("[A] district court is not required to engage in independent analysis of the empirical justifications and deliberative undertakings that led to a particular Guideline.") (internal quotation marks omitted). There was ample justification for the sentence Dodard received. In light of his significant recidivism, and especially the fact that his most recent crime occurred while on supervised release following a 75-month incarceration, we cannot conclude that no reasonable sentencing court would have given him a within-guidelines sentence. Dodard's sentence was therefore substantively reasonable.

**III. Conclusion**

For the foregoing reasons, we will affirm the sentence imposed by the District Court.