NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4339
_____

UNITED STATES OF AMERICA

v.

WILLIAM JOSEPH BOYLE,
                          Appellant

_____

On Appeal from the United States District
Court for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-16-cr-00271-001)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 8, 2018

Before: CHAGARES, SCIRICA, and RENDELL, Circuit Judges

(Filed:  February 13, 2018)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

William Boyle pleaded guilty to counts of mail fraud, wire fraud, securities fraud, and investment adviser fraud. He appeals his 78-month sentence, challenging the trial court's application of a two-level sentencing enhancement for an offense involving "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding." U.S.S.G. § 2B1.1(b)(9)(B). We will affirm.

**I.**

**A.**

William Boyle is a former stock broker and investment adviser who founded his own company, Life Financial Planning, in 2008. Boyle was the sole owner of Life Financial Planning, offering stock broker, investment adviser, and financial planning services to clients. On March 10, 2009, Boyle was permanently barred by the Financial Industry Regulatory Authority from acting as a stock broker or otherwise associating in any capacity with a firm that sold securities to the public because of his misappropriation of over $500,000 in client funds. Despite this bar, Boyle continued to hold himself out to existing and prospective clients as an investment adviser or stock broker.

Between February of 2009 and December of 2015, Boyle defrauded multiple clients—many of whom were elderly and unsophisticated investors—out of more than $400,000. Rather than invest client money as promised, he took it for his own personal use, including paying for his children's school tuition and purchasing a bar in Philadelphia which he renamed, "The Boyler Room."

Federal agents first interviewed Boyle on April 29, 2015. On May 5, 2015, the

United States Attorney's Office served Boyle with a target letter, informing him that he was the subject of a grand jury investigation.

**B.**

On December 15, 2015, Boyle filed for Chapter 11 bankruptcy on behalf of his bar, "The Boyler Room, Ltd." As part of the proceedings, Boyle filed a form listing all debts owed to unsecured creditors. On this form, Boyle falsely characterized debts owed to two former clients in the amount of $180,000 and $35,000 as "loans." In reality, these were not loans but money Boyle stole from these clients.

In addition to this misrepresentation, testimony and exhibits presented to the trial court at sentencing showed Boyle made other misrepresentations to the bankruptcy court. For the $180,000 loan entry, Boyle listed the wrong name of his client's trust fund. For the $35,000 entry, Boyle listed an incorrect address. Moreover, because Boyle filed the bankruptcy case on behalf of his bar, "The Boyler Room," notices sent to debtors contained the bar's name, not Boyle's. As a result, when two of Boyle's clients received notice from the bankruptcy court of the meeting of creditors, *see* 11 U.S.C. § 341, they did not understand the notice (they did not know Boyle owed the bar) and did not attend the meeting.

**C.**

On June 30, 2016, a grand jury indicted Boyle, charging him with five counts of mail fraud, 18 U.S.C. § 1341; three counts of wire fraud, 18 U.S.C. § 1343; one count of securities fraud, 15 U.S.C. §§ 78j(b) and 78ff; and one count of investment adviser fraud, 15 U.S.C. §§ 80b–6 and 80b–17. He pleaded guilty to all counts on August 30, 2017.

At sentencing, the trial court applied several enhancements under the sentencing guidelines, including the only enhancement challenged on appeal: a two-level enhancement for an offense involving "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding." U.S.S.G. § 2B1.1(b)(9)(B).

## II.*

Boyle contends the trial court erred in applying this enhancement because: (1) he was not charged with bankruptcy fraud under 18 U.S.C. § 157; (2) the mail, securities, and investment advisor fraud he was charged with occurred prior to the bankruptcy case and not "during the course of a bankruptcy proceeding"; (3) there was no financial loss attributable to his actions in the bankruptcy case; and (4) he complied with bankruptcy law by disclosing all debts, *see* 11 U.S.C. § 521(a)(1)(A), he did not intend to defraud or misrepresent the bankruptcy court, and he did not benefit from the bankruptcy. These arguments lack merit. The trial judge properly interpreted the guideline and did not commit clear error when he concluded Boyle made a misrepresentation during the bankruptcy proceeding.

*First,* Boyle cites no authority for the proposition that § 2B1.1(b)(9)(B) applies only to those charged with bankruptcy fraud. The plain text of the guideline supports the opposite conclusion: the enhancement applies "[i]f *the offense involved . . . a misrepresentation or other fraudulent action during the course of a bankruptcy*

---

\* The trial court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a trial court's "interpretation of the Sentencing Guidelines *de novo* and its application of the guidelines to the facts for clear error." *United States v. Woronowicz,* 744 F.3d 848, 850 (3d Cir. 2014).

proceeding." U.S.S.G. § 2B1.1(b)(9)(B) (emphasis added). The phrase "the offense involved" indicates the enhancement is not limited to a single charge, let alone bankruptcy fraud under 18 U.S.C. § 157. Indeed, the offense of bankruptcy fraud would always involve a fraudulent action "during the course of a bankruptcy proceeding." *See id.* Accordingly, the enhancement would be nonsensical if it only applied to bankruptcy fraud. *See United States v. Simpson*, 796 F.3d 548, 551, 555–56 (5th Cir. 2015) (affirming imposition of the same enhancement where defendant was not charged with bankruptcy fraud).

***Second,*** and as an initial matter, Boyle incorrectly asserts that he filed for bankruptcy after the charged conduct. The indictment, however, alleged a scheme to defraud "[b]eginning in or about February 2009 and continuing until or about December 2015." App. Vol. II, at 4. Boyle filed for bankruptcy on December 15, 2015.

In any event, the filing of the bankruptcy petition after the fraud scheme ended would not have precluded the trial court from imposing the enhancement. In applying the sentencing guidelines, the trial court is to consider the defendant's relative culpability based on all relevant conduct, *i.e.*, conduct defined in § 1B1.3 "and not simply on the basis of the elements and acts referenced in the count of conviction." *United States v. Isaza-Zapata*, 148 F.3d 236, 239 (3d Cir. 1998). Conduct that occurs "in the course of attempting to avoid detection or responsibility for that offense" is relevant conduct to be considered when applying the sentencing guidelines. U.S.S.G. § 1B1.3(a). Therefore, the timing of the bankruptcy petition is immaterial in this case—the record demonstrates Boyle's misrepresentations to the bankruptcy court were an attempt to evade detection of

5

his fraudulent scheme. *See United States v. Tanke*, 743 F.3d 1296, 1306–07 (9th Cir. 2014) (applying the enhancement where bankruptcy proceeding occurred four years after completion of fraud scheme); *see id.* at 1307 ("[Defendant's] false testimony in the bankruptcy proceeding may not have occurred in preparation for or during the commission of the offense, but it plainly occurred *'in the course of attempting to avoid detection or responsibility for that offense.'*" (quoting U.S.S.G. 1B1.3(a)(1)).

**Third,** it is immaterial whether there was a financial loss attributable to Boyle's actions as a result of the bankruptcy case. The financial loss attributable to Boyle is assessed under a different guideline. *See* U.S.S.G. § 2B1.1(b)(1); *see also* U.S.S.G. § 2B1.1 cmt. n.3 (providing extensive discussion of loss calculation). The text of § 2B1.1(b)(9)(B), in contrast, does not contain a financial loss requirement, and Boyle cites no authority to the contrary.

**Fourth,** Boyle's assertion that he was complying with the bankruptcy law requirement to disclose all debts is demonstrably false. As explained above, he misrepresented two of his debt entries as "loans" from his clients, when, in fact, he had stolen money from his clients. In addition, Boyle failed to disclose to the bankruptcy court debts owed to his other victims. Boyle claims he did not intend to defraud the bankruptcy court or misrepresent his obligations. But the trial court found that he did, and, based on the record, this conclusion was far from clear error. Finally, Boyle's assertion that he did not benefit from the bankruptcy proceeding is irrelevant, as that is not a requirement of § 2B1.1(b)(9)(B).

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.