**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3591

_____

UNITED STATES OF AMERICA

v.

DAVID MORRISSEY, a/k/a David Smentkowski,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-18-cr-00454-001)
District Judge: Hon. Renee M. Bumb

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Monday, June 15, 2020

_____

Before: CHAGARES, PORTER, and FISHER,
*Circuit Judges*

(Filed: June 16, 2020)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge.*

David Morrissey violated the terms of his supervised release that he was serving for another crime. Citing his history of recidivism and need for correctional treatment, the District Court sentenced Morrissey to six months' imprisonment and a new five-year term of supervised release. Morrissey timely appealed. Because the District Court did not abuse its discretion when it sentenced Morrissey, we will affirm.[1]

On appeal, Morrissey challenges the substantive reasonableness of his five-year term of supervised release. We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014). We will affirm a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (internal quotation marks and citations omitted).

"[The] District Court may revoke a defendant's supervised release and impose a term of imprisonment" if it determines "that the defendant violated a condition of supervised release." *United States v. Bagdy*, 764 F.3d 287, 290 (3d Cir. 2014) (quoting 18 U.S.C. § 3583(e)(3)). The District Court may also impose a "term of supervised release

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. . . following a term of post-revocation imprisonment[.]" *United States v. Williams*, 675 F.3d 275, 278 (3d Cir. 2012) (citing 18 U.S.C. § 3583(h)).

Morrissey has a substantial criminal record and history of recidivism. In 2000, Morrissey pleaded guilty to an offense that subjected him to lifetime community supervision in New Jersey. Later, Morrissey pleaded guilty to a federal offense and was sentenced to eleven months and twelve days' imprisonment, followed by five years of supervised release. Shortly after his release from prison, Morrissey was arrested for assaulting his girlfriend and therefore violated the terms of his federal supervised release. Morrissey pleaded guilty and faced a range of eight to fourteen months' imprisonment under the United States Sentencing Guidelines. Because Morrissey violated his supervised release, the District Court had discretion to impose a term of supervised release up to life. *See* 18 U.S.C. § 3583(h), (k). The parties asked for a downward variance to six months' imprisonment with no additional term of supervised release.

The District Court then considered the § 3553(a) factors. It granted the parties' request for a variance because six months' imprisonment was enough, but not greater than necessary, to serve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). But the District Court rejected the parties' recommendation that Morrissey not receive a term of supervised release. In doing so, it cited Morrissey's extensive history of recidivism and that Morrissey violated the terms of his federal supervised release shortly after it began. After acknowledging the restrictive terms of Morrissey's lifetime state supervision, the District Court concluded that Morrissey was "just not learning his lesson." App. 37. Thus, the District Court imposed a five-year term of supervised release,

3

stressing the need to provide Morrissey with "educational treatment, vocational training[,] or other correctional treatment in the most effective manner." App. 38; *see also* 18 U.S.C. § 3553(a)(2)(D). After Morrissey objected to the term of supervised release as unnecessarily punitive, the District Court disagreed and again emphasized that supervised release was necessary under the § 3553(a) factors.

Given the District Court's thoughtful reasoning, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [Morrissey] for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. Rather, the District Court carefully considered the circumstances of Morrissey's case and imposed a below-range term of imprisonment and a within-range term of supervised release. *See* U.S.S.G. § 7B1.3(g)(2). "If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable." *United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014) (citation omitted). Nothing in the record overcomes that presumption here. Nevertheless, Morrissey argues that the District Court abused its discretion by unreasonably applying the § 3553(a) factors. We disagree. The District Court's reasoning was not "arbitrary, fanciful, or clearly unreasonable." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (citation omitted).

\*       \*       \*

For these reasons, we will affirm the District Court's judgment.