**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1898
_____

UNITED STATES OF AMERICA

v.

CALIXTO TUMBACO,
                              Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. No. 3:19-cr-00039-004)
Chief District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 12, 2023

Before: HARDIMAN, KRAUSE, and RENDELL, *Circuit Judges*

(Filed: December 22, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Calixto Tumbaco appeals the District Court's judgment of sentence, which imposed terms of 120 months in prison and 5 years of supervised release. His counsel has moved to withdraw under Third Circuit L.A.R. 109.2 and *Anders v. California*, 386 U.S. 738 (1967), claiming that there are no non-frivolous grounds for appeal. The Government agrees that there are no non-frivolous issues with respect to Tumbaco's 120-month prison sentence or his underlying guilty plea. In an unusual twist, however, the Government concedes that remand is appropriate because the District Court erred in imposing the 5-year term of supervised release. We agree. Accordingly, we will deny counsel's motion to withdraw and affirm Tumbaco's conviction, but will vacate the supervised-release portion of his sentence and remand for re-sentencing on that portion only.

## I.    DISCUSSION[1]

When confronted with an *Anders* brief, we first ask "whether counsel's brief in support of [his] motion fulfills the requirement of L.A.R. 109.2(a)," which requires that counsel: "(1) demonstrate[] to this Court that [he] has thoroughly examined the record in

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a), and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If a defendant failed to object to an issue before the district court, we review that issue for plain error, which requires the defendant to "prove that there was an error; that the error was plain; that it prejudiced his substantial rights; and that not correcting the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Brito*, 979 F.3d 185, 190 (3d Cir. 2020).

search of appealable issues, and (2) explain[] why those issues are frivolous." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). We next determine "whether an independent review of the record presents any non-frivolous issues." *Id.* Defense counsel's 24-page *Anders* brief reflects a good-faith, conscientious examination of the District Court record. However, after conducting an independent review of the record, we agree with the Government that the District Court erred in sentencing Tumbaco to 5 years of supervised release.

### A. Guilty Plea and 120-Month Prison Sentence

As defense counsel argues in his *Anders* brief, there are no non-frivolous appealable issues with respect to Tumbaco's guilty plea or his sentence of 120 months in prison.

First, a guilty plea is valid if it is "done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The District Court record confirms that these requirements were met. During Tumbaco's sentencing, the Court explained each individual count, as well as the various consequences of a guilty plea on each count. It then ensured that Tumbaco understood these consequences and was entering a guilty plea voluntarily and intelligently.

Second, Tumbaco's 120-month prison sentence was procedurally and substantively reasonable. When a defendant challenges his sentence, we first "ensure that

3

the district court committed no significant procedural error."[2] *Langley*, 52 F.4th at 576 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If there are no procedural errors, we next determine whether the sentence was substantively reasonable under the totality of the circumstances. *Id.*

The District Court did not commit any procedural errors in sentencing Tumbaco to 120 months in prison. The Court correctly calculated a final offense level of 36 and arrived at a Guidelines range of 188-235 months of imprisonment. The District Court then meaningfully considered the factors outlined in 18 U.S.C. § 3553(a), extensively discussing Tumbaco's role in the offense and any potential disparities between his sentence and the sentences of his co-defendants. Based on those factors, the Court sentenced Tumbaco to 120 months in prison, which was well below the Guidelines range.

Tumbaco's prison sentence was also substantively reasonable. A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). Here, the District Court acknowledged that it was sentencing Tumbaco to a prison term longer than the terms of his co-defendants, but explained that this disparity was justified in light of Tumbaco's role as captain of the illegal vessel. And the 120-month sentence that

---

[2] In the sentencing context, procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Azcona-Polanco*, 865 F.3d 148, 152 (3d Cir. 2017) (quoting *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009)).

Tumbaco received still fell below the correctly calculated Guidelines range. *See United States v. Woronowicz*, 744 F.3d 848, 852 (3d Cir. 2015) (explaining that sentences within the correct Guidelines range are more likely to be reasonable than those outside the range). The Court thus demonstrated considerable leniency, and we cannot say that "no reasonable sentencing court would have imposed the same sentence." *Langley*, 52 F. 4th at 576 (quoting *Tomko*, 562 F.3d at 568).

Moreover, none of the three grounds for appeal set forth in Tumbaco's pro se brief establish a non-frivolous issue. First, Tumbaco claims that the District Court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A), which requires district courts to verify that defendants and their counsel have read and discussed the presentence report before sentencing. However, the transcript of the sentencing hearing confirms that Tumbaco's allegation is plainly false, as the District Court explicitly confirmed before sentencing that Tumbaco's counsel had reviewed the presentence report with his client.

Second, Tumbaco says that the District Court erred because it did not adequately apply the "safety valve" provision under Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f), which subjects certain qualified criminal defendants to lesser penalties if they furnish truthful information about their offenses. Again, however, the record contradicts Tumbaco's assertion. The District Court correctly recognized that Tumbaco qualified for the "safety valve" provision and reduced his sentence accordingly.

Finally, Tumbaco argues that the District Court erred by not providing him with a hearing after he "indicated dissatisfaction with the representation provided" by his attorney at the time. Tumbaco Br. 3. However, there is no indication that Tumbaco ever

5

asked for a hearing on this issue before the District Court ruled on his attorney's motion to withdraw, and Tumbaco does not explain why the Court was legally required to provide him with such a hearing. When the Court learned of Tumbaco's dissatisfaction with his trial counsel, it did exactly what Tumbaco wanted—it granted counsel's motion to withdraw and appointed new counsel to represent Tumbaco at sentencing.

### B. Supervised Release

Though defense counsel is correct that there are no non-frivolous issues with Tumbaco's guilty plea or his 120-month prison sentence, remand is appropriate because the District Court erred in imposing a 5-year term of supervised release. The District Court imposed this term of supervised release because it determined that it was the minimum term mandated by Tumbaco's statute of conviction. But this determination was plain error. A defendant who qualifies for the "safety valve" provision under Sentencing Guideline § 5C1.2 "is not subject to any statutory minimum sentence of supervised release." U.S.S.G. § 5D1.2, cmt. n. 2; *see also Pepper v. United States*, 562 U.S. 476, 481 n.1 (2011) (citing 18 U.S.C. § 3553(f)). Here, the District Court determined that Tumbaco qualified for the "safety valve" provision, but incorrectly believed that "the statute requires an imposition of a [5-year] term of supervised release." App. 59, 79. The Court's error prejudiced Tumbaco's substantive rights and affected the fairness of his sentencing proceeding because it resulted in a longer term of supervised release than he might have received had the Court correctly applied the "safety valve" provision.

6

**II.** **CONCLUSION**

For the foregoing reasons, we will affirm Tumbaco's conviction, vacate the supervised-release portion of his sentence, and remand to the District Court for re-sentencing with respect to supervised release. In view of this disposition, counsel's motion to withdraw will be denied.