**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2895
_____

UNITED STATES OF AMERICA

v.

STEVEN MONACO,
                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 1:19-cr-00716-001)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on January 29, 2024
_____

Before:  KRAUSE, PORTER, and CHUNG, <u>Circuit Judges</u>

(Filed: February 14, 2024)
_____

OPINION[*]
_____

CHUNG, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Steven Monaco was convicted after trial of health care fraud, wire fraud, conspiracy to commit health care fraud and wire fraud, and conspiracy to violate the Anti-Kickback Statute. He argues here that: 1) the District Court abused its discretion when concluding that certain statements were inadmissible; 2) the District Court wrongly calculated the loss amount attributable to him, and wrongly applied the aggravating-role and sophisticated-means enhancements, when calculating the Guidelines range for his sentence; and, 3) his sentence is procedurally and substantively unreasonable. We will affirm.[1]

I.      Evidentiary Error, if Any, Was Harmless

After the government rested without calling a certain witness, Monaco sought to admit the witness's hearsay statements as memorialized in an FBI 302 report under Federal Rule of Evidence ("FRE") 804(b)(3), the statement-against-interest exception, and FRE 807, the residual exception. When an issue is preserved, "[w]e review a trial court's decision to admit or exclude evidence for abuse of discretion." United States v. Christie, 624 F.3d 558, 567 (3d Cir. 2010) (internal quotation marks and quoted source omitted.) "Even if we find an abuse of discretion, the Court's ruling will stand if the error was harmless." Id. "An error is harmless when it is highly probable that it did not prejudice the outcome." United States v. Womack, 55 F.4th 219, 228 (3d Cir. 2022) (internal quotation marks and quoted source omitted).

---

[1]      The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

2

Here, we need not decide whether the District Court abused its discretion because, even if the proffered evidence were improperly excluded, any such error was harmless. The proffered evidence had low exculpatory value and other evidence during trial overwhelmingly supported Monaco's guilt of each crime.[2]

The proffered statements within the 302 report included statements that the witness received payments from co-conspirator Richard Zappala in exchange for identifying patients for whom unnecessary prescriptions could be written; that Zappala also paid the witness's co-worker to engage in the same conduct; that the witness mostly saw Zappala; that the witness did not know if Monaco paid the co-worker; and that the witness saw Monaco and the co-worker meet behind closed doors. Monaco argues that the statements would have shown that Zappala was the source of the payments to the co-worker and would have established that Monaco was not the driving force behind the scheme.

The witness's statements did not foreclose the possibility that Monaco was paying the co-worker, however, and Monaco himself testified that he did so. Moreover, these statements would have confirmed the existence of the conspiracy and would have

---

[2] Monaco was found guilty by a jury verdict on one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, eight counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2, eight counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (all these arising from his bribery of doctors and patients to obtain medically unnecessary prescriptions and receive insurance reimbursements), and one count of conspiracy to violate Anti-Kickback Statute and Travel Act under 18 U.S.C. § 371 (arising from his quid-pro-quo arrangement with a corrupt doctor to obtain referrals of services).

corroborated much of the testimony by the co-worker, Zappala, and co-conspirator Daniel Oswari. The exculpatory value of the witness's statements was further diminished in light of the abundant evidence at trial proving Monaco's guilt and his significant role in the conspiracy. This evidence included co-conspirator testimony about Monaco's knowledge and participation in the conspiracy; testimony from multiple witnesses that Monaco split profits with Zappala; and testimony from Monaco's family members that he paid them to facilitate the charged scheme. We agree with the District Court that in "the grand scheme of all the [trial] testimony," the offered evidence would raise only a "minor" point. Appendix 454. Accordingly, even if the District Court had abused its discretion, any such error was harmless. See United States v. Moreno, 809 F.3d 766, 776 (3d Cir. 2016) ("[I]f it is highly probable that the hearsay violation did not contribute to the verdict," the evidentiary error was harmless and "we should affirm.").

II.     The District Court Did not Err in Imposing Monaco's Sentence

    A.     The District Court Did not Err in Calculating Monaco's Guidelines Range

In reviewing a District Court's sentence, we review any factual findings for clear error. United States v. Kennedy, 554 F.3d 415, 418 (3d Cir. 2009), abrogated on other grounds by United States v. Douglas, 885 F.3d 124 (3d Cir. 2018). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (alterations, quoted source, and quotation marks omitted). We review the District Court's "application of the

4

[Sentencing] Guidelines to the facts for abuse of discretion." United States v. Blackmon, 557 F.3d 113, 118 (3d Cir. 2009).

Monaco argues that the loss amount, which the District Court calculated was approximately $4.7 million, should have been reduced by the cost of some prescriptions that were medically necessary. The District Court considered the evidence Monaco claims would establish that some medications were necessary. It decided nonetheless to include all prescriptions in the loss amount because the evidence reflected that all prescriptions were written only to make money, not for the purpose of treatment. In addition, Monaco did not specify the amount he sought to be reduced, nor did he propose a method for determining which prescriptions were "medically necessary." Appellant's Br. 40-42. Therefore, he failed to satisfy his burden of rebutting the government's evidence. See United States v. Raven, 39 F.3d 428, 434-35 (3d Cir. 1994) (party challenging government's prima facie showing at sentencing must come forward with rebutting evidence). Though some prescriptions, which were written solely in exchange for money, might also have coincidentally been appropriate treatment, we see no clear error in the District Court's rejection of Monaco's "even a broken clock is correct twice a day" argument. See Grier, 475 F.3d at 570 (clear error occurs when evidence in its entirety leaves "definite and firm conviction that a mistake has been [made.]" (quoted source omitted)).

Monaco contends that the District Court wrongly attributed the entire $4.7 million (approx.) loss to him because he was not directly involved in causing some of the unnecessary prescriptions to be written. The District Court rejected this argument in light

5

of Monaco's knowledge of the overall conspiracy and the fact that Monaco provided patient information for some of those prescriptions. We see no abuse of discretion in this decision. U.S.S.G. § 1B1.3(a)(1)(B)(iii) (relevant conduct for conspiracy Guidelines calculations includes "reasonably foreseeable [conduct] in connection with that [conspiracy]").

Monaco also challenges both the facts the District Court found in concluding that he played an aggravating role and used sophisticated means, and the District Court's application of these two enhancements. The District Court applied the aggravating-role enhancement based on facts such as Monaco's recruitment of and coordination among participants to facilitate the operation, concealment of the conspiracy, and per Oswari's testimony, Monaco coming up with the idea for the conspiracy. The District Court applied the sophisticated-means enhancement due to the longer-than-two-year duration of the conspiracy, the existence of multiple functioning parts of the schemes, and Monaco's use of different bank accounts. Monaco's mostly conclusory statements to the contrary and his few references to the trial record do not render the District Court's underlying factfinding clearly erroneous. We also see no abuse of discretion in the application of these enhancements based on these facts.

B.    The Sentence is Procedurally and Substantively Reasonable

Where a party has made a claim of procedural unreasonableness, we must ensure that the District Court "committed no significant procedural error." United States v. Grober, 624 F.3d 592, 599 (3d Cir. 2010) (internal quotations marks and quoted source

6

omitted).  For unpreserved procedural challenges to a sentence, we review only for plain error. United States v. Gjeli, 867 F.3d 418, 425 n.11 (3d Cir. 2017).

Monaco argues that his sentence is procedurally unreasonable because the District Court did not meaningfully consider the disparities between his and other similar defendants' sentences pursuant to 18 U.S.C. § 3553(a)(6).  First, we review for plain error because, while Monaco made various substantive objections to his sentence, he did not object on this procedural ground. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014).  Second, the District Court acknowledged and responded to Monaco's disparity argument.  Thus, the District Court meaningfully considered this § 3553 factor and we perceive no error, much less plain error, in the sentencing procedure. See United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010) (meaningful consideration requires the District Court to acknowledge and respond to any properly presented sentencing argument, and "a 'brief' statement of reasons can be 'legally sufficient.'" (quoting Rita v. United States, 551 U.S. 338, 358 (2007))).

Monaco also argues that his sentence is substantively unreasonable.  We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc).  This means that we will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." Id. at 568.  We presume that a sentence within the Guidelines range is substantively reasonable.  Rita, 551 U.S. at 347; see also United States v. Woronowicz, 744 F.3d 848, 852 (3d Cir. 2014).

Monaco mainly focuses again on the disparity of his sentence as compared to defendants in other cases and to his co-conspirators. When comparing his own sentence to those received by defendants in other cases, the burden is on Monaco to "demonstrate[] similarity by showing that other defendants' circumstances exactly paralleled his." United States v. Lacerda, 958 F.3d 196, 215 (3d Cir. 2020) (internal quotation marks and quoted source omitted). Monaco does not present sufficient evidence to show that the comparators in other cases he offers were similarly situated. Further, the District Court noted that Monaco was dissimilar to his co-conspirators in multiple ways.

Finally, Monaco's 168-month sentence was presumptively reasonable as it was at the bottom of the Guidelines range. Given the above, we perceive no basis upon which we could conclude that his sentence is substantively unreasonable.

III.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment and sentence.