**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1956
_____

UNITED STATES OF AMERICA

v.

JOSEPH M. GREENE,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cr-00124-001)
Chief District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2023

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed:  February 14, 2024)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

Joseph Greene violated the conditions of his supervised release and was sentenced to 24 months' imprisonment, followed by two additional years of supervision. Having appealed the validity of this sentence, Greene's counsel has moved to withdraw under Third Circuit Local Appellate Rule (L.A.R.) 109.2 and *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous grounds for appeal. The Government agrees, and Greene, for his part, declined to submit a *pro se* brief. Because we agree there are no non-frivolous issues for appeal with regard to Greene's sentence, we will grant counsel's motion to withdraw and affirm the District Court's judgment.

## I.      DISCUSSION[1]

When defense counsel files an *Anders* motion, we first evaluate the adequacy of counsel's briefing and then conduct a full examination of the proceedings to determine whether an appeal would be wholly frivolous. *United States v. Langley*, 52 F.4th 564, 568 (3d Cir. 2022). Counsel's briefing is adequate if it satisfies L.A.R. 109.2(a), which requires counsel to "(1) demonstrate[] to this Court that [he] has thoroughly examined the record in search of appealable issues, and (2) explain[] why those issues are frivolous." *Id.* at 569. Counsel need not "raise every possible appealable issue to meet this standard," but she must "adequately attempt to uncover the best arguments" and explain

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014).

their faults. *Id.* at 569–70 (citations omitted). We next conduct our own review of the record, and if we are satisfied there are no non-frivolous issues for appeal, we will grant counsel's motion to withdraw and affirm. *Id.* at 568. We discuss both steps below.

**A. Defense Counsel's *Anders* Brief**

In the circumstances of this case, defense counsel's filing, on the whole, is sufficient to satisfy L.A.R. 109.2(a).

In the text of his *Anders* brief, counsel argues that there are no non-frivolous issues for appeal because the District Court's sentence was procedurally correct. Specifically, counsel notes the District Court properly considered the sentencing factors under 18 U.S.C. § 3553(a), explained its reasoning, and informed Greene of his appellate rights and the conditions of his sentence. Counsel also notes that the sentence was "properly imposed and calculated under the [U.S. Sentencing Guidelines]."[2] Anders Br. 3.

In addition, counsel submitted a detailed "*Anders* Checklist" that includes his analysis of approximately thirteen potential sentencing defects. This reflects that counsel reviewed the entire record to ensure that the District Court satisfied all procedural requirements. Finally, the Government conducted its own review confirming there are no non-frivolous issues for appeal.

---

[2] While counsel "need not raise every frivolous issue," *United States v. Langley*, 52 F.4th 564, 566 (3d Cir. 2022), we note that counsel's brief here is unusually short and cites little caselaw. Given the review reflected by the checklist and the fact that the record is straightforward, however, we find that counsel has satisfied L.A.R. 109.2(a).

**B. Greene's Sentence**

Our independent review of the proceedings also demonstrates that Greene's sentence was procedurally and substantively reasonable. We must first "ensure that the district court committed no significant procedural error" when reviewing a sentencing challenge. *Langley*, 52 F.4th at 576 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If there is no such error, we next determine whether the sentence was substantively reasonable under the totality of the circumstances. *Id.*

Here, the District Court did not commit any procedural errors at sentencing. The parties agreed prior to Greene's hearing that the applicable Guidelines range was 18–24 months' imprisonment, and, even in the absence of such agreement, that range was correct.[3] The Court discussed the factors outlined in 18 U.S.C. § 3553(a), analyzing Greene's criminal history and behavior, the serious nature of the violation at issue, the need to avoid unwarranted sentencing disparities, and whether the sentence was "sufficient and not greater than necessary" to curb Greene's recidivism. App. 38-42; 18 U.S.C. § 3553(a). It also considered Greene's motion for a downward departure, permitted Greene to speak at length, and explained why it selected the given sentence.

---

[3] Greene committed a Grade A violation of supervised release because he engaged in conduct constituting a state or local offense punishable by a term of imprisonment exceeding one year that involved possession of a firearm. *See* U.S. Sent'g Guidelines Manual § 7B1.1(a)(1) (U.S. Sent'g Comm'n 2023). Greene's underlying convictions were Class B felonies under 18 U.S.C. § 1014. *See* 18 U.S.C. § 3559(a)(2). And at the time Greene was originally sentenced to supervision, the District Court determined he had a criminal history category of III. As such, the Guidelines range of 18–24 months was the appropriate range for revocation of release, *see* U.S. Sent'g Guidelines Manual § 7B1.4, and 18 U.S.C. § 3583(h) authorized an additional term of supervised release after he served his revocation sentence.

The Court even went so far as to ask the parties whether there were any "procedural irregularities" that needed to be addressed and whether "there [was] an adequate discussion based on the 3553(a) factors to justify the extent of the sentence." App. 46. None were identified by the parties.

Greene's sentence of 24 additional months of imprisonment and two years of supervised release was also substantively reasonable. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Shah*, 43 F.4th 356, 367 (3d Cir. 2022) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). Greene's sentence was imposed for his second violation of the conditions of his supervised release, and it was a serious violation: Greene fired a weapon in a public square, resulting in six separate charges. Notably, his conduct violated multiple terms of supervised release that were running concurrently, for which the District Court could have imposed multiple, consecutive revocation sentences, *United States v. Dees*, 467 F.3d 847, 851–52 (3d Cir. 2006), but the District Court declined to do so, and the sentence it did impose fell within the Guidelines range. *See United States v. Woronowicz*, 744 F.3d 848, 852 (3d Cir. 2014) (explaining that sentences within the correct Guidelines range are more likely to be reasonable than those outside the range). In addition, the District Court was permitted to impose up to 30 months' additional supervised release, *see* 18 U.S.C. § 3583(b)(1), (h), but it opted to impose only 24 months. Accordingly, it was reasonable—if not lenient—for the District Court to sentence Greene as it did.

5

## II. CONCLUSION

For the foregoing reasons, we will grant defense counsel's motion to withdraw and affirm the District Court's judgment.[4]

---

[4] In accordance with L.A.R. 109.2(b) we state that the issues presented here lack legal merit, and so Greene's counsel is not required to file a petition for writ of certiorari with the Supreme Court.