**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2510

_____

UNITED STATES OF AMERICA

v.

TORRAY D. EDEN,
                                        Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-16-CR-00207-001)
District Judge: Hon. William W. Caldwell

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2018

_____

Before: MCKEE, SHWARTZ, and NYGAARD, Circuit Judges.

(Opinion Filed:  June 27, 2018)

_____

OPINION[*]

_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Torray Eden pleaded guilty to drug trafficking and firearms-related offenses and received a 262-month prison sentence. He argues that his sentence is procedurally and substantively unreasonable. We disagree and will affirm.

I

Eden was arrested for selling crack cocaine to an informant and possessing a loaded firearm during the sale. He subsequently pleaded guilty to possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).

The Probation Office determined that Eden qualified as a career offender and calculated a United States Sentencing Guidelines range of 262 to 327 months' imprisonment. At sentencing, Eden's counsel conceded that the Guidelines range was appropriately calculated, but requested that the District Court impose a sentence of 120 months based upon Eden's difficult childhood and the events that led him to sell drugs. After the Government argued for a sentence within the Guidelines range, Eden's counsel again argued that such a sentence "would fail to take into account anything about his childhood," App. 33, asserting:

> So it's easy to go through his criminal history and say how bad a person he is, but not one of us has really experienced what it was like to be raped by the time we were 5 years old, to be raped then when we were in foster care, deprived of food and on the borderline intelligence range, being made fun of in school. None of us, I doubt, had to experience those things.

2

So it's easy to look at the record and say that he deserves [a guidelines sentence], but this Court needs to weigh the [18 U.S.C. §] 3553(a) factors, and that's what we are asking this Court to do.

App. 33-34.  The District Court responded:

Okay.  Well, Ms. Ulrich, the problem that I have with your request is the fact that starting at age 15, and now he's 30, 31, you think he would be able to get a message before that, despite his experiences in life when he was born.

I have an obligation to protect the public, and I have very little doubt that Mr. Eden, when he is released, is likely to be a recidivist.

What concerns me about this case is that not only drugs, there was also firearms, and then when he was in the halfway house, he got involved in a crime.

So I don't enjoy sentencing people to long terms of incarceration, but, in this case, I think the Government is justified in seeking a lengthy sentence for the protection of the public and to punish Mr. Eden.

I regret that he's here, but he started at age 15. . . . He's had something almost at every age and he spent half his adulthood in prison for one offense or the other.

App. 34.  The District Court then imposed a sentence of 262 months' imprisonment.

Eden's counsel objected to the sentence on the grounds that, among other things, it "absolutely fails to consider the 3553(a) factors which this Court is required to consider." App. 37-38.  The District Court addressed counsel's objection, stating: "Well, I will put on the record that I have considered the 3553(a) factors, most of which have been outlined here in open court today.  I have also considered the contents of the presentence report, as well as the sentencing memorandum," App. 39, which include references to Eden's difficult childhood, limited level of intellectual functioning, and the circumstances that led him to sell drugs.

3

Eden appeals the procedural and substantive reasonableness of his sentence.

II[1]

A

Eden first argues that his sentence is procedurally unreasonable because the District Court failed to consider the relevant 18 U.S.C. § 3553(a) factors as required under Gunter's three-step sentencing procedure. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). Gunter's three steps require a district court to (1) calculate a defendant's Guidelines sentence, (2) rule on the parties' motions and state whether the court is granting a departure and how that departure affects the Guidelines calculation, and (3) consider the relevant § 3553(a) factors.[2] Id.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review factual determinations underlying the sentence for clear error and the sentence itself for abuse of discretion, assessing whether the District Court committed "significant procedural error" and evaluating "the substantive reasonableness of the sentence." United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008). Thus, our review of the district court's analysis is "highly deferential," United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007), and the party challenging the sentence bears the ultimate burden of proving its unreasonableness, United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007).

[2] The § 3553(a) provides that "a court shall impose a sentence that is sufficient, but not greater than necessary" to accomplish the purpose of sentencing and "shall consider" the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and

A district court satisfies the third Gunter step where the record of a sentencing, as a whole, reflects rational and meaningful consideration of the § 3553(a) factors. See United States v. Grier, 475 F.3d 556, 571-72 (3d Cir. 2007) (en banc). There is no bright-line rule for how thorough a court's explanation of the factors must be. A sentencing court does not have to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (citations and internal quotation marks omitted) (emphasis omitted). The sentencing court's explanation simply must be "sufficient for [the reviewing court] to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008).

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
 (5) any pertinent policy statement—
  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress . . . and
  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Eden argues his sentence was procedurally unreasonable because the District Court failed meaningfully consider the § 3553(a) factors. The record shows that the Court did consider the applicable factors. In considering "the history and characteristics of the defendant," the District Court's focused on Eden's extensive criminal history and considered his difficult childhood, limited level of intellectual functioning, and the circumstances that led him to sell drugs. In this regard, the District Court stated that it read Eden's sentencing memorandum and the presentence report, both of which contained detailed discussions of these subjects, and heard defense counsel's recitation of these same facts. The District Court acknowledged Eden's hardships in life, but declined to give them the weight that Eden "contend[ed] they deserve . . . ." United States v. Merced, 603 F.3d 203, 217 (3d Cir. 2010) (citation and internal quotation marks omitted). This, however, "does not mean that those factors were not considered." Id. In fact, they were. The Court stated that "you [would] think [Eden] would be able to get a message before [he turns 30], despite his experiences in life when he was born," App. 34, reflecting its view that his troubling background did not excuse his repeated crimes and wasted opportunities to turn things around.

As to the need for the sentence imposed, the District Court also noted the instant offense involved both guns and drugs, and its colloquy demonstrates that the sentence needed to "reflect the seriousness of the offense" and the need for significant punishment. The Court further noted Eden's years-long criminal record and observed that his prior sentences had not deterred him, he would likely repeat his crimes, and the

6

Court's sentence was needed "to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(2)(C).

Moreover, the record disproves Eden's contention that the District Court failed to consider the parsimony provision of § 3553(a), i.e., to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. The District Court explained that a "lengthy sentence" was "justified" in this case because it had "very little doubt that Mr. Eden, when he is released, is likely to be a recidivist," App. 34, and a lengthy sentence was needed to protect the public. Thus, the record shows that the District Court meaningfully considered the § 3553(a) factors and its sentence was procedurally reasonable.

B

Eden also challenges the substantive reasonableness of his sentence. When reviewing for substantive reasonableness, we consider the totality of the circumstances of the case to assess whether the district court imposed a reasonable sentence that did not constitute an abuse of discretion. Tomko, 562 F.3d at 567. Under this deferential standard of review, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. at 568. "Sentences within the [g]uidelines range are 'more likely to be reasonable than those that fall outside this range.'" United States v. Woronowicz, 744 F.3d 848, 852 (3d Cir. 2014) (quoting United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007)).

The District Court's sentence was substantively reasonable.  First, the District Court imposed a 262-month sentence, which is at the bottom of the applicable Guidelines range.  Second, Eden fails to meet his burden of demonstrating that no reasonable sentencing court would have imposed this bottom-of-the-guidelines sentence given the instant offense and his lengthy criminal history.  Third, Eden's efforts to undermine the reasonableness of his sentence based on sentences the District Court has imposed on other career offenders fails.  He argues that he received a sentence higher than that of 76% of career offenders sentenced by the District Court.  Eden, however, provides no basis to show that these offenders were similar to him in terms of their criminal history and the seriousness of the offenses for which they were being sentenced.  "[B]ecause sentencing disparities are unreasonable only when the defendants are similarly situated[,]" United States v. King, 604 F.3d 125, 145 (3d Cir. 2010), the sentences the District Court has imposed on other career offenders do not demonstrate Eden's sentence was substantively unreasonable.

## III

For the foregoing reasons, we will affirm.