**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1267
_____

UNITED STATES OF AMERICA

v.

BRANDON HARRIS,
Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 1:20-cr-00032-001)
District Judge:  Hon. Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 20, 2022

Before: AMBRO, RESTREPO, and FUENTES *Circuit Judges*

(Opinion filed: November 3, 2022)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant Brandon Harris appeals his sentence for his involvement in a series of gun-point robberies. Harris entered into a plea agreement with the government and was sentenced to an aggregate term of 192 months in prison. For the reasons that follow, we affirm the District Court's judgment of sentence.

## I.

In April 2019, Appellant Brandon Harris conspired with Kyzaih McHenry, David Rinehardt, and Childes Neely to commit a series of gun-point robberies in Harrisburg, Pennsylvania. Two of Harris's co-conspirators, McHenry and Rinehardt, were teenagers. After stealing cash and prescription drugs embedded with a tracking device from a Rite Aid pharmacy, the group was arrested.

In February 2020, a federal grand jury indicted Harris on various charges relating to robberies and the use of firearms.[1] Harris pled guilty to three counts: (1) Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C. § 1951; (2) Possession of a Firearm in Furtherance of a Hobbs Act Robbery, 18 U.S.C. §924(c); and (3) Conspiracy to Commit Robbery involving a Controlled Substance, 18 U.S.C. § 2118(d). At Harris's sentencing hearing, the District Court imposed an aggregate term of 192 months—a sentence at the bottom of his guideline range, but higher than his co-conspirators.[2]

Harris now appeals his sentence, asserting one argument: that the District Court imposed

---

[1] *See* 18 U.S.C. § 1951, 18 U.S.C. § 924(c), 18 U.S.C. § 2218(d), 18 U.S.C. § 2218(a), and 18 U.S.C. § 922(g).

[2] Harris's sentence consisted of 108 months for the conspiracy counts to run concurrently with each other and 84 months for the firearms offense to run consecutively to the other counts.

a substantively unreasonable sentence in violation of 18 U.S.C. § 3553(a).

## II.[3]

Harris argues that the District Court erred in imposing a substantively unreasonable sentence of 192 months because it failed to give sufficient weight to 18 U.S.C. § 3553(a)(6), which provides that the District Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[4] Under 18 U.S.C. § 3742(a), a defendant may seek appellate review of a final sentence if the court's sentence was "imposed in violation of law." The legality of a sentence must be based on a set of reasonableness factors. 18 U.S.C. § 3553(a). Sentences that fall within the applicable guideline range are entitled to a presumption of reasonableness. *See United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014). Where there are no objections to the procedural reasonableness of the sentence during the sentencing proceedings, our review is limited to plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014).

Therefore, this Court reviews the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014). A sentencing court abuses its discretion only if "no reasonable sentencing court would

---

[3] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 3742.

[4] Harris argues that the District Court did not consider the specific conduct of each co-conspirator during the robberies in its § 3553(a) analysis. Specifically, he claims that the Court did not mention Rinehardt's conduct in brandishing firearms and holding employees at gunpoint during the robberies.

have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

**III.**

Harris made no objections to the procedural reasonableness of his sentence. With respect to the substantive reasonableness, the District Court conducted a thorough § 3553(a) analysis. Specifically, its analysis of the contested factor—the need to avoid unwarranted sentence disparities among defendants[5]—addressed the argument raised in Harris's sentencing memorandum. Therein, Harris emphasized that the 111-month prison sentence imposed on his co-conspirator, Rinehardt, was disparate in comparison to his 192-month sentence. In response, the District Court explained that the sentencing disparity was the consequence of the relative roles of the two co-conspirators in perpetrating the crimes. The District Court articulated several factors that set Harris apart from his co-conspirators. For example, Harris recruited Rinehardt, a teenager, to commit the violent robberies. Additionally, the District Court noted that at the time of the gun-point robberies, Harris was out on bail for five separate state offenses.

Therefore, we find that the District Court appropriately considered the § 3553(a) factors at sentencing. In doing so, the Court made a strong record which tethered

---

[5] *See* 18 U.S.C. § 3553(a)(6).

4

Harris's sentence to the facts of the case, considered his prior record, and addressed his § 3553(a)(6) argument.

We therefore affirm Harris's sentence.