**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2889

_____

UNITED STATES OF AMERICA

v.

THOMAS LANZANA,
Appellant

_____

On Appeal from the United States District Court for the
District of New Jersey
(D.C. No. 2:19-cr-00592-001)
District Judge:  Hon. John Michael Vasquez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 15, 2022

Before: HARDIMAN, RESTREPO, and PORTER *Circuit Judges*

(Opinion filed: November 22, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Thomas Lanzana appeals his 36-month sentence for his involvement in a $900,000 wire fraud scheme in violation of 18 U.S.C. § 1343.[1]  For the reasons that follow, we will affirm the District Court's judgment of sentence.

**I.**

Between 2013 and 2017, Appellant Thomas Lanzana, then a registered broker with the Financial Industry Regulatory Authority ("FINRA"), operated two purported investment funds: Black Box Pulse LLC and Unique Forex.  Lanzana solicited approximately $900,000 from at least twenty investors through these purported funds, and sent false monthly account statements to the victims, including statements supposedly held by Black Box Pulse and Unique Forex at brokerage houses, and annual tax documents reporting fake gains.  He was arrested in January 2019 and indicted in August 2019 on two counts of wire fraud[2] and one count of embezzlement.[3]

On October 22, 2020, Lanzana pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  The Pre-Sentence Investigation Report ("PSR") recommended a sentencing guideline range of 41–51 months.  In October 2021, the District Court imposed a below-range sentence of 36 months, granting a 5-month downward variance, as well as 36 months of supervised release.

---

[1] *See* PSR ¶ 39 (App. 123); App. 71 (stating that Lanzana solicited $900,000).  We note, however, that Lanzana was sentenced based on an amount greater than $250,000 but less than $550,000.  App. 85.

[2] *See* 18 U.S.C. § 1343 and 18 U.S.C. § 2.
[3] *See* 7 U.S.C. § 13(a)(1) and 18 U.S.C. § 2.

**II.**[4]

Lanzana argues that the District Court imposed a procedurally and substantively unreasonable sentence in violation of 18 U.S.C. § 3553(a). Under 18 U.S.C. § 3742(a)(1), a defendant may seek appellate review of a final sentence if the court's sentence was "imposed in violation of law." The legality of a sentence must be based on a set of reasonableness factors enumerated in 18 U.S.C. § 3553(a). Sentences that fall within the applicable guideline range may be entitled to a presumption of reasonableness. *See United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014).

This Court reviews claims for procedural and substantive error for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, however, the asserted procedural error was not raised during the sentencing proceedings, we review for plain error, as is the case here. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Therefore, this Court reviews the procedural reasonableness of Lanzana's sentence for plain error and its substantive reasonableness for abuse of discretion. *See Flores-Mejia*, 759 F.3d at 255 (holding that the "party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal"); *United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014) (holding that this Court reviews a sentence's "substantive reasonableness under an abuse of discretion standard.").

---

[4] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

"An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Flores-Mejia*, 759 F.3d at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)). "An error 'affects substantial rights' when it is prejudicial, that is, when it 'affected the outcome of the District Court proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Under plain error review, we pay great deference to the sentencing judge. *Id.* at 266.

Additionally, a sentencing court abuses its discretion only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (citing *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). This inquiry is highly deferential, and we will affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

## III.

Lanzana argues the District Court procedurally erred by failing to adequately consider the 18 U.S.C. § 3553(a) factors; specifically, his history and characteristics, and the need for him to remain at home to care for his fiancée. He further contends that his 36-month sentence is substantively unreasonable because no reasonable sentencing court would have imposed the same sentence.

## A.

Failing to consider the § 3553(a) factors constitutes a significant procedural error. *Gall*, 552 U.S. at 51. Procedural reasonableness is ensured if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). To demonstrate meaningful consideration, a district court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

During Lanzana's sentencing, the District Court weighed each of the § 3553(a) factors. With respect to Lanzana's history and characteristics, the District Court acknowledged Lanzana's age, the loss of his father and mother, his relationship with his sisters, his upbringing, his family's financial situation, his divorce, and his long-term relationship with his fiancée. The District Court further acknowledged Lanzana's physical and mental health, lack of substance abuse problems, his work history, and lack of prior criminal history. However, the District Court highlighted the ongoing nature and length of his fraud scheme, including the amount of time that Lanzana dedicated to operating this scheme. Finally, the District Court also addressed Lanzana's status as the primary caretaker for his ill fiancée and generously granted a 5-month downward variance.

Given the District Court's sufficient consideration of the § 3553(a) factors, balancing of mitigating factors, and explained reasoning on the record, we find no procedural error.

**B.**

Reviewing the substantive reasonableness of a sentence, this Court looks to "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011). Lanzana argues the District Court imposed a substantively unreasonable sentence because no reasonable sentencing court would have imposed the same 36-month sentence. Specifically, he notes that the District Court failed to give enough weight to his personal circumstances. We disagree. Lanzana's sentence not only fell within the applicable guideline range, but far below it, so we can presume it was not unreasonably harsh. *Cf. Handerhan*, 739 F.3d at 124 (within-Guidelines sentences presumed reasonable). Furthermore, "a district court's failure to give mitigating factors the weight a defendant contends they deserve" does not render a sentence substantively unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). As previously discussed, the District Court carefully considered the mitigating factors, tethered Lanzana's sentence to the facts of the case, and explained its reasoning for not granting a greater downward variance. A similarly reasonable sentencing court may have sentenced Lanzana to an even greater term of imprisonment, as would nonetheless be presumed reasonable given his guideline range.

## IV.

We therefore affirm the District Court's judgment of sentence.