**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1473
_____

UNITED STATES OF AMERICA

v.

YERALDY STEPHANY MARTINEZ SALGADO,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-22-cr-00193-001)
District Judge: Honorable Julien X. Neals
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 7, 2024

Before: JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Opinion filed: March 28, 2024)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Yeraldy Martinez Salgado pleaded guilty to two drug trafficking offenses and was sentenced to 24 months' imprisonment. She appeals, arguing that her sentence was procedurally and substantively unreasonable. We will affirm.

## I.[1]

Martinez Salgado is a thirty-three-year-old mother from Mexico. In June 2020, her husband was murdered by drug traffickers after amassing gambling debts. Following his death, the traffickers turned their attention to her, demanding that she travel to the United States and assist in their trafficking operation to pay the remaining debt. Fearful for her and her children's lives, she complied.

In November 2020, police in New Jersey saw Martinez Salgado receive fentanyl. They arrested her, and she consented to a search of her apartment, where police found cash and additional drugs. She spent seven days in jail and was released to home confinement. Two years later, she pleaded guilty to (1) conspiracy to distribute more than 400 grams of fentanyl, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute more than 400 grams of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

At sentencing in March 2023, Martinez Salgado asked for a time-served sentence, arguing that she was coerced into trafficking drugs. The District Court calculated an advisory U.S. Sentencing Guidelines range of 33 to 41 months' imprisonment. It then

---

[1] Because we write primarily for the benefit of the parties, we recite only the important facts.

weighed the 18 U.S.C. § 3553(a) factors and concluded that a downward variance was warranted but a custodial sentence was still necessary. It sentenced Martinez Salgado to 24 months' imprisonment to be followed by three years of supervised release. She timely appealed.

## II.

The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Appellate review of a criminal sentence proceeds in two steps. First, we "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the "district court's sentencing decision is procedurally sound," we "then consider the substantive reasonableness of the sentence." *Id.* We review both the procedural and substantive reasonableness of a criminal sentence for abuse of discretion. *United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014).

### A.

Martinez Salgado first argues that her sentence was procedurally unreasonable because the District Court failed to adequately explain its reasoning. A failure to adequately explain the chosen sentence, including any deviation from the guidelines range, is a procedural error. *United States v. Levinson*, 543 F.3d 190, 195–96 (3d Cir. 2008); *Gall*, 552 U.S. at 51. The record must contain "an explanation from the district court sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *Levinson*, 543 F.3d at 196.

But Martinez Salgado failed to preserve this argument. "[W]hen a party wishes to take an appeal based on a procedural error at sentencing . . . that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). After the District Court imposed Martinez Salgado's sentence, her lawyer "object[ed] to the sentence as being unreasonable and in violation of the mandate in [§] 3553 and otherwise in violation of the law." App. 126. This objection did not put the District Court on notice of any procedural error. Therefore, it must be construed as an objection to the substantive reasonableness of the sentence, not the adequacy of the Court's explanation. *See Flores-Mejia*, 759 F.3d at 258 (emphasizing that a sentencing court must have "contemporaneous notice of [the] error[] and of the opportunity to correct [it]").

An unpreserved issue is subject to plain-error review. *Id.* at 259. "An error is plain if it is clear or obvious, affects substantial rights, and affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The District Court provided a thorough explanation for its sentence. It found "that there was some coercive element" to Martinez Salgado's crimes, App. 120, but it reasoned that coercion often plays a role in criminal activity and that general deterrence was "a very significant factor" supporting an additional period of incarceration, App. 121. It weighed the nature of the conduct, including the dangerousness of fentanyl and the fact that Martinez Salgado participated in "many pickups and drop-offs of money and drugs." App. 120. It also considered Martinez Salgado's period of home detention, her

4

probable deportation, and her unlikely recidivism. It then synthesized these factors to conclude that "the activities that were engaged in here, the need for general deterrence and the seriousness of the crime . . . outweigh the factors that . . . warrant a noncustodial sentence." App. 122. The Court's discussion does not evince any error, let alone a clear or obvious one.[2]

B.

Finding no procedural error in the sentence, we next "consider if it is substantively reasonable given the totality of the circumstances." *United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022) (internal quotation marks omitted). A sentence is substantively reasonable if it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Under this deferential standard, "we will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

---

[2] Even if Martinez Salgado's procedural unreasonableness claim were not subject to plain-error review, the District Court's explanation was not an abuse of discretion. This case bears little resemblance to those in which we found a district court's explanation inadequate. Here, the Court did not offer reasoning that contradicted its sentencing decision. *See Levinson*, 543 F.3d at 200 (holding that a district court's explanation was inadequate where it described how the defendant was typical of other defendants but then varied downward significantly). Nor did it "le[ave] the realm of weighing the particulars of this case and enter[] into a consideration of general penal policy," *id.*, or ignore arguments emphasized by the parties or the § 3553(a) factors, *United States v. Goff*, 501 F.3d 250, 255 (3d Cir. 2007); *United States v. Begin*, 696 F.3d 405, 414 (3d Cir. 2012); *United States v. Merced*, 603 F.3d 203, 222 (3d Cir. 2010).

Martinez Salgado argues that her sentence was unreasonably high because she was coerced into committing the offenses. But, as discussed above, "the record as a whole reflects rational and meaningful consideration of the [§ 3553(a) factors]." *Id.* The District Court credited Martinez Salgado's mitigating evidence—that she was coerced into drug trafficking, that she feared for her life and the lives of her family members, and that she felt she had no other option but to comply with the traffickers' demands—and considered it alongside the other sentencing factors. Its "failure to give mitigating factors the weight a defendant contends they deserve does not make [the] sentence substantively unreasonable." *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) (internal quotation marks omitted). We cannot say that no reasonable sentencing court would have imposed a 24-month sentence on Martinez Salgado for the reasons provided.

*　　*　　*

For the foregoing reasons, we will affirm the District Court's judgment.