**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1855

_____

UNITED STATES OF AMERICA

v.

DAVION PRESTON DAVIS,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3:10-cr-00187-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2024

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*

(Filed: April 23, 2024)

_____

OPINION*

_____

RESTREPO, *Circuit Judge*.

Davion Preston Davis appeals the 18-month sentence imposed by the District Court

following the revocation of his term of supervised release, arguing that the sentence was

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

both procedurally and substantively unreasonable. For the following reasons, we will affirm.

**I**

In 2010, Mr. Davis pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. § 846. The original District Judge, Richard P. Conaboy, accepted the parties' agreement and sentenced Mr. Davis within the agreed-upon Guidelines range to 120 months in federal prison and five years on supervised release.

The Bureau of Prisons released Mr. Davis some nine years later, in March 2019, at which point he began his supervision term. In September of that year, Mr. Davis was involved in a domestic dispute that resulted in him pleading guilty to a third-degree misdemeanor harassment charge in Pennsylvania state court. In response, United States Probation filed a petition charging Mr. Davis with violating the mandatory condition of supervision that he not commit additional crimes. The case was reassigned to Judge Malachy E. Mannion, and Mr. Davis sought to enter a guilty plea to the violation. Concerned after allocution that Mr. Davis may have pleaded guilty in state court to a crime he did not commit, Judge Mannion rejected the proposed guilty plea and ordered the parties to produce all relevant witnesses at a rescheduled revocation hearing.

About a month later, in January 2020, the parties reconvened. Mr. Davis again wished to admit to the Grade C violation for having committed another federal, state, or local offense while on supervised release. This time, Judge Mannion accepted his plea and

sentenced him to one year and one day in prison followed by four years on supervised release. Mr. Davis served his sentence and returned home in December of that year, but his difficulty with supervision continued.

Most notably, in 2022, local law enforcement arrested Mr. Davis three separate times and charged him with various state crimes. Probation subsequently filed a petition alleging that he had violated three of the mandatory conditions of his supervised release. The allegations included two failed drug tests and three separate charges for possession of marijuana and drug paraphernalia, forgery related to circulating counterfeit bills, and disorderly conduct and criminal mischief.

Finding himself once again before Judge Mannion, Mr. Davis pleaded guilty in April 2023 to Grade C violations for his possession and use of marijuana and methamphetamine. Judge Mannion determined that his Guidelines range for these violations was eight to fourteen months' imprisonment, with a statutory maximum of twenty-four months. He ultimately revoked Mr. Davis's supervised release and imposed an above-Guidelines sentence of eighteen months followed by twelve more months of supervision. After the imposition of the sentence, Judge Mannion asked if there was anything further for the record, to which Mr. Davis's counsel replied, "No." App. at 76. Mr. Davis timely appealed.

## II[1]

---

[1]  The District Court had subject-matter jurisdiction under 18 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review claims of procedural and substantive error for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). But when, as here, the asserted procedural error was not raised during the sentencing proceedings, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Accordingly, we will review the procedural reasonableness of Mr. Davis's sentence for plain error and its substantive reasonableness for abuse of discretion. *See Flores-Mejia*, 759 F.3d at 255 (holding that the "party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal"); *United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014) (stating that this Court reviews a sentence's "substantive reasonableness under an abuse of discretion standard").

"An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Flores-Mejia*, 759 F.3d at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)). "An error 'affects substantial rights' when it is prejudicial, that is, when it 'affected the outcome of the District Court proceedings.'" *Id.* (quoting *Dragon*, 471 F.3d at 505). Under plain error review, we give great deference to "sentencing courts' ability to examine all relevant information." *United States v. Ferguson*, 876 F.3d 512, 517 (3d Cir. 2017).

Meanwhile, a sentencing court abuses its discretion only if "no reasonable sentencing court would have imposed the same sentence on that particular [individual] for the reasons the district court provided." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). "Where, as

4

here, a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance.'" *Tomko*, 562 F.3d at 561 (quoting *Gall*, 552 U.S. at 51).

## III

### A. The District Court Did Not Commit a Procedural Error

A district court commits a significant procedural error if it fails to (1) consider the § 3553(a) factors or (2) provide an adequate explanation for deviating from the Guidelines range. *Tomko*, 562 F.3d at 567 (citing *Gall*, 522 U.S. at 51). However, a court need not address parties' arguments or the sentencing factors at length; they need only be given "meaningful consideration." *Flores-Mejia*, 759 F.3d at 256. To demonstrate meaningful consideration, a district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Mr. Davis argues that the District Court procedurally erred by failing to adequately consider the § 3553(a) factors and sufficiently articulate its reasoning in sentencing him to eighteen months in prison. Specifically, he claims that the District Court failed to consider his history and characteristics, including his mental health issues, and that he had sought help from his probation officer regarding his substance abuse. Respectfully, we disagree.

The District Court was no stranger to Mr. Davis's history and characteristics, as it had adjudicated Mr. Davis's first revocation of supervised release. At sentencing on the

5

second revocation, it acknowledged Mr. Davis's various statements shedding light on his personal circumstances (including those related to a then-pending state court case), reviewed his ex-wife's letter, noted his high criminal history category and the significance of his original sentence, and stressed its concerns about his previous revocation of supervised release. App. at 75 ("Now out on supervised release initially I had you back in front of me for a violation. I gave you a year and a day. It doesn't go down when you come back again on future violations. It doesn't go down."[2]). Aware of Mr. Davis's mental health concerns,[3] the District Court directed the Bureau of Prisons to "find and begin a process for [Mr. Davis] that hopefully [he could] continue after [he was] released from imprisonment."[4] *Id.* Finally, while the District Court recognized that Mr. Davis viewed his

_____

[2] While this is often the case in practice, it is not true as a matter of law. Just as the District Court here had the discretion to impose a sentence above the Guidelines, so too can judges elect not to escalate penalties and instead address these "breach[es] of trust" without resorting to incarceration. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). While 83.2% of Grade C violations in 2013–2017 resulted in prison terms and nothing more, the remainder were adjudicated using prison terms plus alternatives, increases in supervision, or community service. U.S. Sent'g Comm'n, *Federal Probation and Supervised Release Violations*, 35 (July 2020), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/20200728_Violations.pdf. It is also worth noting that 22.1% of Grade C violations during this period were adjudicated through below-range prison sentences. *Id.* at 37.

[3] *See* App. at 75 ("Is there any question that you have mental health issues? There isn't, and you acknowledge that. . . . What is clear to me is that you do need mental health counseling.").

[4] This was perhaps aspirational at best considering both the state of the Bureau of Prisons' mental health programming and the relative brevity of Mr. Davis's sentence. *See, e.g.*, Christie Thompson & Taylor Elizabeth Eldridge, *Treatment Denied: The Mental*

relationship with his probation officer as contentious, it made it clear that officers could not "follow [him] around and hold [his] hand." *Id.* In the District Court's view, it was ultimately up to Mr. Davis to "take [his] own responsibility" and "find a way to move on." *Id.*

Under our caselaw, the District Court's commentary suffices as "meaningful consideration" of Mr. Davis' sentencing arguments and the § 3553(a) factors. *Flores-Mejia*, 759 F.3d at 256. So, too, was its explanation for the four-month upward variance as "appropriate in this case to provide adequate protection and deterrence to [Mr. Davis] and to the public[.]" App. at 76. While another district court may have taken a different approach with this case, we cannot conclude that Mr. Davis has met the high standard of review required of his alleged procedural error.

## B. Nor Was the Sentence Imposed Substantively Unreasonable

To determine the substantive reasonableness of a sentence, we look to "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011) (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010)). Mr. Davis argues that the District Court imposed a substantively unreasonable sentence because no reasonable court would have imposed the same

_____

*Health Crisis in Federal Prisons*, MARSHALL PROJECT, (Nov. 21, 2018), https://www.themarshallproject.org/2018/11/21/treatment-denied-the-mental-health-crisis-in-federal-prisons.

7

eighteen-month sentence. Specifically, he claims that the District Court failed to give sufficient weight to his mitigating factors. Again, we respectfully disagree. As previously discussed, the District Court considered the mitigating factors, tethered Mr. Davis's sentence to the facts of the case, and explained its reasoning for granting an upward variance. Furthermore, "a district court's failure to give mitigating factors the weight a [sentenced person] contends they deserve" does not render a sentence substantively unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Simply put, we cannot say that no reasonable sentencing court would have imposed the same sentence. Accordingly, the District Court did not abuse its discretion.

## IV

For the foregoing reasons, we will affirm the judgment of the District Court.